CHARLES M. LIPPERT, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 32250.)

Court of Claims, February 28, 1955.

*James F. Crowley* for claimant.

*Nathaniel L. Goldstein, Attorney-General (Frank M. Noonan and Neil R. Farnelo* of counsel), for defendant.

LAMBIASE, J. This claim has been filed against the State of New York to recover damages for the alleged false arrest and unlawful imprisonment of, and for the alleged assault upon claimant by the State of New York, acting through its duly authorized State troopers.·

Late in the evening of August 22, 1953, claimant was driving easterly on Route 17 at a point approximately four miles west of the village of Allegany, New York. At said point he was stopped by two New York State troopers in a patrol car, and he was asked to exhibit to them his driver's license and his automobile registration. He had with him his driver's license, but the automobile registration certificate which he produced was for an automobile truck which he owned and was not for the automobile which he was then and there driving. When he asked the troopers why he had been stopped, he was told that they had observed him weaving from one side of the highway across the white line in the center and on to the other side thereof. After some conversation in which claimant became quite excited and violent, he grabbed both his certificate of registration and his driver's license from the hands of trooper Bogucki, one of the troopers who had stopped him, and stated: '' I will see you down at Stayer's.'' (S.M. 137.) Stayer was a Justice of the Peace of the Village of Allegany, New York. Claimant then re-entered his car and drove away in the general direction of the village of Allegany, New York. The troopers had with them in their patrol car two persons charged with felony crimes, and feeling that further help was required under the circumstances, they radioed ahead the description of claimant's car and the fact that it was proceeding easterly toward the village of Allegany, New York. The call was picked up by another New York State trooper, one trooper Frarey, who was operating a patrol car in the vicinity.

As trooper Bogucki and his companion, trooper Wright, drove into the village of Allegany, New York, there was another State trooper patrol car standing on the north side of the street headed westerly; and claimant was in the process of parking his automobile on the south side of the street. Trooper Bogucki pulled up in front of claimant's automobile and parked his patrol car.

Trooper Frarey was then coming across the street from his car parked on the north side thereof. Trooper Bogucki came from his automobile and stood on the side of the street between his automobile and claimant's automobile. Trooper Frarey then asked claimant for the registration for the car he was driving. There ensued conversation during the course of which claimant used obscene, violent, and indecent language and called the State troopers vile names, all the while talking in a loud voice — loud enough so that it was heard by at least one person not involved in the fracas who was inside her home and in front of which the Lippert car was stopped. Somewhere in the proceedings and before a hand was laid upon claimant by the troopers, trooper Frarey stated to claimant: " You are under arrest for disorderly conduct " (S.M. 141), immediately after which he asked Mr. Lippert to accompany him to his patrol car and informed him that he was going to take him before Justice Stayer. Claimant refused to go, he forcibly resisted arrest and being taken into custody, and started scuffling with the troopers. Claimant's resistance and struggling was such that it took the combined efforts of troopers Bogucki and Frarey to get him into the latter's patrol car, but only after handcuffs had been placed upon both his wrists. The handcuffs which were placed upon claimant's wrists cut somewhat into his wrists, and there was some bleeding.

Trooper Frarey then drove to the office of Justice of the Peace Stayer. En route and at the office of the Justice claimant continued to use violent and offensive language toward trooper Frarey and upon arriving at the office of the Justice he caused a commotion and continued to threaten trooper Frarey with bodily injury. An information was drawn up and signed by trooper Frarey charging claimant with disorderly conduct under section 722 of the Penal Law of the State of New York although we are not told under what particular subdivision thereof he was charged. Claimant was duly arraigned, and the matter was put over until another day for disposition.

Claimant makes no claim for the first incident wherein he was stopped by troopers Bogucki and Wright outside of the village of Allegany, New York. In connection with that occurrence claimant was asked upon cross-examination: " Q. You are making no claim against those two troopers for any false arrest or assault? A. No. Q. So, we can discard everything that happened then? A. Yes." (S.M. 67–68.) We concern ourselves, therefore, only with the second incident which occurred in the village of Allegany, New York.

Trooper Frarey was within his rights as a peace officer in asking claimant to show him his ownership registration of the vehicle that he was driving (Vehicle and Traffic Law, § 11, subd. 4) and his driver's license (Vehicle and Traffic Law, § 20, subd. 1, par. f).

In our opinion claimant at the time and place of the arrest and immediately prior to his arrest had specifically acted and conducted himself ''with intent to provoke a breach of the peace, or whereby a breach of the peace may be occasioned '' so as to bring himself within the condemnation of section 722 of the Penal Law. The right and duty, therefore, on the part of trooper Frarey to arrest claimant summarily existed by reason of the fact that claimant's acts constituted a breach of the peace (*People* v. *Phillips,* 284 N. Y. 235), even though disorderly conduct as defined by section 722 aforesaid is not a crime but an offense; and trooper Frarey having stated to claimant prior to the alleged assault that he was arresting claimant for disorderly conduct, he was entitled to use all necessary means to effect the arrest. (Code Crim. Pro., § 174.) Trooper Frarey's use of force and the use of force by trooper Bogucki who was assisting him was not unlawful if it was necessarily used by them in the performance of their regular duty. (Penal Law, § 246.) There was no assault committed, therefore, unless the force used upon claimant by the troopers under the circumstances herein was more than was necessary to effect claimant's arrest. The troopers could not employ force carelessly or unnecessarily. If they did so employ force and injured claimant, they would be penalized. Whether they did or not is a question of fact. However, while we deliberately appraise, in the tranquility of a courtroom and after the incident, whether or not the force used by the troopers was or was not necessary, we must remember that the conduct of the troopers must be weighed in the light of the circumstances as they arose, and that it must not be measured by subsequently developed facts. Thus weighing the conduct of the troopers we are unable to find that an assault was committed by either or both of the troopers against the claimant. There remains but to dispose of the alleged cause of action for false imprisonment.

Claimant was legally arrested. He was taken without unnecessary delay before a Justice of the Peace (Code Crim. Pro., § 165) — in fact he was taken there immediately — where he was arraigned and held on the charge by the Justice. (*Hendrix* v. *Manhattan Beach Development Co.,* 181 App. Div. 111, 117.)

False imprisonment has been defined to be a trespass committed by one against the person of another by unlawfully arresting him and detaining him without any legal authority. (*Snead* v. *Bonnoil*, 166 N. Y. 325.) Upon this record we cannot and we do not find any false imprisonment.

Claimant having failed to make out any of the causes of action alleged in his claim or any other cause of action against the State of New York, his claim must be and hereby is dismissed upon the merits.

The foregoing constitutes our written and signed decision herein. (Civ. Prac. Act, § 440.)

Let judgment be entered accordingly.