**Sieglinde COTTER, Individually and as Executrix of the Estate of Raymond P. Cotter, Deceased, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 63 Civ. 2783.**

United States District Court
S. D. New York.

Jan. 18, 1968.

Egan & Bliss, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., by Asst. U. S. Attys. Alan G. Blumberg and Joel Forkosch, New York City, for defendant.

MOTLEY, District Judge.

Findings of Fact and Conclusions of Law

This action was brought by plaintiff, individually and as executrix of the estate of her deceased husband, Raymond P. Cotter, to recover from defendant, United States of America, damages for the wrongful death of decedent.

The gravamen of the complaint is that Mr. Cotter died in the Veterans Administration Hospital, Montrose, New York, as the result of: 1) an assault and beating, with unreasonable force, upon him by Elmore Darnell Robinson, an employee of the hospital, and other employees, on January 2 or 3, 1963; 2) the hospital's careless and negligent failure and omission to observe the condition of decedent after said assault and beating and to take the proper precautions and to apply the proper remedies so as to prevent unfavorable results; and 3) the hospital's careless and negligent failure and omission to exercise and take proper care and precaution during treatment of decedent, who had been admitted to the hospital for treatment.

The answer denied the essential allegations of the complaint. Defendant, in a first separate defense, claimed that the complaint failed to state a claim against defendant upon which relief can be granted. In a second separate defense, defendant alleged that any injuries sustained by decedent were caused solely by reason of his own acts and negligence

and were not caused or contributed to by defendant.

In a pretrial order, dated March 14, 1966, the parties agreed that the pleadings would be deemed amended in accordance with the framing of the issues therein by the court and that the trial of this case would be based upon said order.

The issues for trial, as framed by that order, were as follows:

1) Was the defendant negligent as contended in paragraph 3(b) herein?

2) If the defendant was negligent as claimed, did plaintiff's intestate sustain any injuries as a proximate result of such negligence?

3) What is the pecuniary value of plaintiff's damages?

4) Was plaintiff's intestate contributorily negligent?

In paragraph 3(b) (1) of the order referred to in issue number (1), plaintiff contended the following:

a. Unreasonable force was used to restrain decedent, causing injuries resulting in his death; b. Decedent suffered cuts, bruises, broken ribs, scratches, swelling, shock, fever and lung congestion; c. Res ipsa is relied on to the extent that there is no other explanation of the injuries; d. Unreasonable force was inflicted by Elmore Darnell Robinson, an employee of defendant.

The case went to trial on the foregoing contentions of plaintiff.

The contentions of defendant, United States of America, in the pretrial order were the following:

3(c) The United States contends that plaintiff's intestate received proper treatment in every respect from defendant's employees; that plaintiff's intestate's lack of care for his own well being contributed to his injuries, if any.

The United States further contends that it is not liable under the Federal Tort Claims Act for damages sustained by plaintiff's intestate by reason of an assault and battery by one of defendant's employees.

Upon the trial, the following facts were established:

Raymond P. Cotter died in the Veterans Administration Hospital in Montrose, New York on January 14, 1963. He had been admitted to the hospital early in 1961, for treatment of a pre-existing mental condition. During Cotter's stay in the hospital, he had been permitted to leave for short visitation periods with his wife and children. He spent four days, December 24–28 during the Christmas holiday season of 1962 with his family. Just prior to his return to the hospital, he talked excessively but did not fight. On January 2 or 3, 1963, Cotter's wife went to the hospital but could not see decedent. At that time, Cotter was housed in Building 14, the disturbed ward. Mrs. Cotter was advised by a hospital employee that her husband's condition was such that he could not be brought downstairs to see her on that day. Mrs. Cotter left the hospital but returned on January 10, 1963, after receiving a post card notice from a doctor at the hospital that her husband had sustained an injury to his chest. On January 10, 1963, Mrs. Cotter saw her husband. At that time, Cotter was bruised on his head and the bruised area shaved; there were cuts and lacerations on his face; there were bruises on his legs from the knees down; his breathing was heavy and strained and he gasped for breath. Cotter spoke to his wife and was, at times, coherent, but when she asked him how he got hurt, he became extremely upset.

Cotter's brother, who visited Cotter shortly after Mrs. Cotter's visit, i. e., on January 13, 1964, corroborated her testimony as to Cotter's physical condition.

From the deposition testimony of one hospital employee, George Freeman, Jr., it was established that another hospital employee, Elmore Darnell Robinson, a nursing aide, pushed Cotter out of the dining hall on or about January 2, 1963. Cotter was pushed against a wall outside the dining hall and slumped to the floor.

Cotter was picked up by Freeman and another aide. The other aide wiped Cotter's head. Cotter was rendered unconscious.

The hospital records show that Cotter suffered multiple fractures to his ribs and an injury to his head.

An autopsy was performed on January 15, 1963 by the medical examiner of Westchester County, New York, Dr. Victoria A. Bradess.

The medical examiner's report and testimony show that Cotter suffered from multiple fractures to his ribs; bronchopneumonia, bilateral; pleural adhesions; bilateral serosanguineous pleural effusion. Dr. Bradess listed the cause of death as due to Bilateral Bronchopneumonia and Fractures of Ribs. On January 15, 1963, when the cause of death was determined, Dr. Braddess' certificate indicates that the cause of the rib fractures was under investigation. The certificate of the medical examiner was corrected on February 11, 1964, more than a year later, to show that the cause of the rib fractures was: "Undetermined (Fell during scuffle)." The hospital's statement to the medical examiner regarding the particulars of Cotter's death states the following: 'The circumstances surrounding this case are being investigated by a board appointed by the Hospital Director." The results of this investigation were not offered in evidence.

The medical examiner testified that, in her opinion, the extensive fractures to Cotter's ribs could only have been caused by a crushing blow or force exerted to decedent's chest and could have been caused by someone pushing decedent against a wall.

The employee charged with pushing decedent against a wall in the hospital by Freeman died before the trial. There was no direct evidence that decedent's ribs were fractured as a result of the actions of the deceased employee. There is sufficient circumstantial evidence, however, from which this court finds that Cotter died as the result of the use

of excessive force upon him by Robinson on or about January 2 or 3, 1963.

At the close of plaintiff's case, the government moved to dismiss, put on no evidence and rested its case. The government's position is that it is not liable for injury or death resulting from or arising out of an assault and battery by one of its employees. The Federal Tort Claims Act provides:

"The provisions of this chapter and section 1346(b) of this title shall not apply to—

\* \* \* \* \* \*

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

■ Upon the trial, and in her post trial brief, plaintiff conceded that the government is not liable for claims arising out of assault and battery by one of its employees. In her post trial brief, plaintiff consents to a dismissal of the first count in her complaint. That count sought recovery for injuries arising out of the use of unreasonable force upon decedent by Robinson and defendant's alleged negligence with respect to the discovery and treatment of decedent's condition thereafter.

The use of excessive force by a government employee who is privileged to use reasonable force in the discharge of his official duties is an assault and battery. See Houghtaling v. State, 11 Misc. 2d 1049, 1054, 175 N.Y.S.2d 659, 666, (Ct.Cl.1956); Lippert v. State, 207 Misc. 632, 636, 139 N.Y.S.2d 751, 754, (Ct.Cl. 1955). There can be no recovery under the Federal Tort Claims Act, 28 U.S.C. § 2680, upon any claim of negligence arising out of the assault and battery by Robinson upon decedent. See Klein v. United States, 268 F.2d 63, 64 (2d Cir. 1959); Panella v. United States, 216 F.2d 622, 624 (2d Cir. 1954); United States v. Faneca, 332 F.2d 872 (5th Cir. 1964), cert. denied, 380 U.S. 971, 85 S.Ct. 1327, 14 L.Ed.2d 268 (1965).

Plaintiff claims, however, that the second count in the complaint "sounds in negligence" as follows:

"That the defendants undertook to receive the said decedent in said hospital and to care for said decedent, but that the defendants, their agents, assistants, employees or servants, carelessly, negligently, unskillfully, unlawfully and improperly conducted the treatment and care of said decedent and failed to give decedent proper and necessary care."

It should be noted that by the pretrial order, plaintiff apparently inadvertently eliminated count two from her claims or contentions in this case. However, the government raised the issue presented by count two by its contentions.

In support of her negligence claim in count two, plaintiff claims to have proven: 1) that decedent was assaulted by a non-government employee and 2) that defendant carelessly and negligently cared for and treated decedent. On the latter contention, plaintiff totally failed to sustain her burden of proof of negligence. As to the former, plaintiff relies on: 1) the deposition testimony of Freeman, 2) Nursing Notes in the hospital record relating to the incident involving Robinson as follows:

"Patient became somewhat overactive while being escorted to the dining room and attacked NA Robinson, breaking a plate over his leg. Upon restraining pt. Cotter fell over another patient and hit his head, sustaining a one-inch laceration. First aide (sic) care given. Seen by OD Garment and 2633 completed."

"Pt. (Patient) slight epistaxis [nose bleed] at 7:00 A.M. Stopped pressure to nose (?)—Pt. does not know how it started * * *" 1/3/63.

3) the hospital doctor's statements in transmitting the case for autopsy which reveal some of the diagnosis of and treatment given to decedent at the hospital 4) Medical examiner's correction on certificate of February 11, 1964, supra; 5) three reports entitled, "Report of Special Incident Involving Beneficiary" dated January 2 and 7, 1963 and February 2, 1962 respectively; and, 6) other notes from the hospital record relating to diagonsis and treatment of decedent.

The Report of Special Incident Involving Beneficiary dated January 2, 1963, shows that Cotter tripped over the foot of patient Keith on that date. A prior similar report for February 2, 1962 shows that decedent was assaulted by patient Edward Keith.

In an effort to escape the harshness of the law, in its application to this case, that the government is not liable for claims arising out of assaults and batteries of its employee, plaintiff's counsel, tardily, in a post trial brief asks the court to find that decedent was assaulted by a person other than a government employee. (Post Trial Brief, p. 13). Such a finding would permit plaintiff to rely on the negligence theory differentiated by the Second Circuit's decision in Panella v. United States, supra. In that case, Panella was confined to a Public Health Service Hospital. While so confined, Panella was assaulted by an inmate. Panella brought suit under the Federal Tort Claims Act. The trial court dismissed on the government's motion for summary judgment. In reversing, the court said, 216 F.2d at page 624:

It is true that Section 2680(h) retaining immunity against claims arising out of assault and battery, can literally be read to apply to assaults committed by persons other than government employees. But we think such a construction out of keeping with the rest of the act. For in the present case the only basis of liability against the Government is the negligence of its employees, not their deliberate torts, since the assailant was not a Government employee. Unless it can be shown that government employees were negligent in maintaining the internal security of the Hospital, no liability could be imposed under the Tort Claims Act for the alleged assault, even if § 2680(h) did not exist, and the Government had thus waived

immunity for claims arising out of assault. It is therefore important to distinguish cases in which it was sought to hold the Government liable on a negligence theory for assaults committed by *government employees*. See Moos v. United States, D.C.Minn. 1954, 118 F.Supp. 275; cf. Jones v. United States, 2 Cir. 1953, 207 F.2d 563; certiorari denied 347 U.S. 921, 74 S.Ct. 518, 98 L.Ed. 1075.

■ There is a difficulty with plaintiff's belated position. The difficulty is that there is nothing in this record to support a finding that Cotter's injuries and death on January 14, 1963, were the result of an assault and battery committed by an inmate or other non-government employee. The only evidence in the record on assault and battery supports an inference, which this court has drawn, that Cotter's injuries and death were the result of an assault and battery upon him by Robinson, an admitted government employee

Plaintiff, having failed to establish any liability on the part of the United States cannot recover in this action against that defendant. Judgment must, accordingly, be entered for defendant and the action dismissed as to both counts.