**Byron NAISBITT, Executor of the Estate of Carol Naisbitt, Deceased, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

No. NC 78–0032.

United States District Court, D. Utah, N. D.

Jan. 2, 1979.

---

C. C. Patterson and Robert V. Phillips, Ogden, Utah, for plaintiff.

Ronald L. Rencher, U. S. Atty., James R. Holbrook, Asst. U. S. Atty., Salt Lake City, Utah, for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

ALDON J. ANDERSON, Chief Judge.

This action arises out of a series of rapes and murders committed by off-duty United States servicemen while stationed at Hill Air Force Base. Plaintiffs are suing the United States in tort for alleged negligence in failing to adequately evaluate and supervise the servicemen involved. The government has filed a motion to dismiss based on lack of subject matter jurisdiction contending that:

1) plaintiffs' complaint fails to allege a basis for federal court jurisdiction;

2) plaintiffs' complaint is barred by 28 U.S.C. § 2680(h) which excepts from the Federal Tort Claims Act claims arising out of an assault or battery;

3) plaintiffs' claim does not meet the requirements of 28 U.S.C. § 2674 because it does not set forth a duty owed by the government that would be owed "in the same manner and to the same extent [by] a private individual under like circumstances."

Because the court finds that the action is barred by 28 U.S.C. § 2680(h) it is not necessary to rule on the government's other contentions.

Section 2680(h) sets forth exceptions to the general waiver of sovereign immunity contained in the Federal Tort Claims Act. Among other things, the statute prohibits suits against the United States on any claim arising out of the commission of an intentional tort, including assault and battery. The application of this section has not always been consistent (*compare Gibson v. United States.* 457 F.2d 1391 (3d Cir. 1972) *with Collins v. United States*, 259 F.Supp. 363 (E.D.Pa.1966)), but it seems fairly well settled that § 2680(h) does not

apply to intentional torts committed by those who are not government employees but who are under government supervision, but does apply to intentional wrongs committed by those who are employed by the government. *Pennington v. United States,* 406 F.Supp. 850 (EDNY 1976); *Panella v. United States,* 216 F.2d 622 (2d Cir. 1954). The question presented for decision here is whether or not, even though the plaintiffs' complaint is drawn in terms of negligence, the action still arises out of an assault and battery so as to fall within the scope of § 2680(h). As stated in *Nichols v. United States,* 236 F.Supp. 260 (N.D.Miss.1964):

> [T]he applicability of . . . 28 U.S.C. § 2680(h) cannot turn on the artistry of the pleader. The test is not the theory upon which the plaintiff elects to proceed or how artfully the pleadings may have been drawn. Rather, the decisive factor is whether, in substance and essence, the claim arises out of an assault and battery.

*Id.* at 263.

■ It is true that not all the courts faced with this question have agreed on the scope of the § 2680(h) exception. See *Gibson v. United States,* 457 F.2d 1391 (3d Cir. 1972); *Underwood v. United States,* 356 F.2d 92 (5th Cir. 1966). However, the weight of authority and the better view supports the government's contention that the plaintiffs' claim is barred by sovereign immunity. The sole basis for imposing liability on the government is the fact that two government *employees* committed *intentional* wrongs against plaintiffs and their decedents. Thus, this is unlike the case in which the government is sued for failure to adequately supervise non-employees. There the sole basis for liability is the negligence of the government officials charged with the duty of supervision. In such a case, negligence is not merely an alternative theory of liability; it is the only basis upon which the government can be held responsible. The intentional wrong cannot itself be the basis of liability because that act was not committed by a government official. Here, in contrast, government liability is possible only because government employees committed the in-

tentional act. Thus, although plaintiffs' complaint is drawn in terms of negligence, the essence of the cause of action is an assault and battery committed by two individuals who were government employees at the time of the wrongful acts. The claim arises *only* because of the *intentional wrong* committed by *employees* of the sovereign and is, therefore, a claim "arising out of" an assault and battery and is within the scope of § 2680(h). Plaintiffs' negligence theory is, in this case, merely an alternative theory of liability. *Panella v. United States, supra; Pennington v. United States, supra; Collins v. United States, supra.*

■ Waivers of sovereign immunity are to be strictly construed. *United States v. Sherwood,* 312 U.S. 584, 590, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). To allow plaintiffs' claim would be to greatly expand the waiver of immunity provided for in the Federal Tort Claims Act. The legislative history of § 2680(h), meager though it is, indicates that Congress sought to protect the United States from suits resulting from the intentional torts of its employees. See *Panella v. United States, supra* at 625–26. However, if plaintiffs' theory were upheld the government would be subject to suit for its employees' intentional wrongs on the theory that the government had negligently failed to control the offending employee. Such a theory would greatly dilute, if not destroy, the protection afforded by § 2680.

The case of *Muniz v. United States,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963) is not to the contrary. There the Supreme Court addressed only the question of the right of a federal prisoner to sue under the Tort Claims Act. It did not rule on the scope of § 2680(h). However, in dicta, the Court indicated that § 2680(h) would provide a valid defense in a case such as this. *Id.* at 163, 83 S.Ct. 1850.

■ The plaintiffs contend that the issue of the court's jurisdiction cannot be resolved without a trial on the merits and cite the case of *Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). While the court agrees that, in the appropriate case, it

has jurisdiction to examine the merits of an action to determine the existence of subject matter jurisdiction, the court does not find this to be an appropriate case. The commission of the assault and battery and the fact that the commission of that wrong gives rise to plaintiffs' complaint is undisputed. The applicability of § 2680(h) is a threshold question in a suit such as this and can be determined by the court as a matter of law. Accordingly,

IT IS HEREBY ORDERED that plaintiffs' complaint be dismissed with prejudice.