Jennifer Jill HUGHES and Stephanie Rachel Hughes, infants who sue by Gloria J. Hughes, their mother and next friend and Gloria J. Hughes, Plaintiffs,

v.

Dennis C. SULLIVAN and United States of America, Defendants.

Civ. A. Nos. 80–224–N, 80–225–N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Sept. 11, 1980.

Thomas S. Shadrick, of Pender, Coward, Addison & Morgan, Virginia Beach, Va., for plaintiffs.

James A. Metcalfe, Asst. U. S. Atty., Norfolk, Va., for United States.

A. Joseph Canada, Jr., of Canada, Butler & Butler, Virginia Beach, Va., for Dennis C. Sullivan, for defendants.

## MEMORANDUM ORDER

KELLAM, District Judge.

*STATEMENT OF FACTS—*

These are two consolidated suits, both against Dennis C. Sullivan—an ex-postman—and the United States. The plaintiffs' theory against the United States is the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680. The government has moved for dismissal as to it in both suits for failure of the plaintiff to state a claim upon which relief can be granted; both parties have filed briefs and made oral arguments.

These are the relevant facts, drawing all reasonable inferences in favor of the opponent to the motion: In 1974, Sullivan was arrested and charged under state law with taking indecent sexual liberties during the interim between his two daily postman delivery routes. He pleaded guilty to a lesser charge. The father of the supposedly

abused child within a week asked Postmaster Crosswhite, somewhere in Sullivan's chain of superiors in Virginia Beach, Virginia, to put Sullivan in a job away from children, one not involving postal delivery. The request was refused. Recently, Sullivan, on his route, allegedly took indecent liberties with the infant plaintiffs. Based on these factual allegations the suits have been brought.

### Does 28 U.S.C. § 2680(h) Prohibit Suit Against the United States in this case?

■ Although the defendant United States also relies on § 2680(a), which makes an exception [to the waiver of sovereign immunity] for discretionary acts of its employees, this memorandum also deals with § 2680(h). That section sets forth an exception to the waiver of immunity. It provides, in relevant part:

> § 2680 The provisions of this chapter and section 1346(b) of this title shall not apply to—
>
> \*   \*   \*   \*   \*   \*
>
> (h) Any claim arising out of assault, battery . . . .

The government says the suit is one for the intentional tort of assault and battery. The plaintiffs instead say their claim is for negligent retention by the Post Office of a dangerous employee in the position of mail carrier. The applicability of § 2680(h) is a threshold question in a suit such as this, and can be determined by the Court as a matter of law. *Naisbitt v. United States*, 469 F.Supp. 421, 424 (Utah 1979), *aff'd*, 611 F.2d 1350 (10th Cir. 1980), *petition for certiorari docketed*, No. 79–1525 (29 March 1980).

In the last cited case, the plaintiff contended that the United States was guilty of actionable negligence in failing to supervise and control two military airmen in that it was reasonably foreseeable that they would, unless restrained, perpetrate serious injuries. There the Court said:

> [I]t seems fairly well settled that § 2680(h) . . . does apply to intentional wrongs committed by those who are employed by the government. *Pennington v. United States*, 406 F.Supp. 850 (E.D.N.Y.1976); *Panella v. United States*, 216 F.2d 622 (2d Cir. 1954) . . . .
>
> It is true that not all courts faced with this question have agreed on the scope of the § 2680(h) exception . . . . However, the weight of authority and the better view supports the government's contention that the plaintiff's claim is barred by sovereign immunity.

469 F.Supp. at 422–3. And the Circuit Court, affirming, said:

> Most of the cases, however, including the leading opinion of Judge Harlan in *Panella [supra]*, hold that the non-waiver of immunity contained in § 2680(h) is applicable where the intentional tort is committed by an employee (of the United States.) . . . It is believed that it stems from the proposition that where the employee has committed a tortious intentional act, even though it is not with the approval of his employer, the government, . . . he is so closely connected with the government that the intentional act is imputed to the government. Since the government has waived liability only in negligence cases and has retained its immunity in intentional tort cases in accordance with § 2680(h), an attempt to establish liability on a negligence basis is indeed an effort to circumvent the retention of immunity provided in § 2680(h).

611 F.2d at 1355.

In another case, *Collins v. United States*, 259 F.Supp. 363 (E.D.Pa.1966), a post office employee had pushed, hit, and struck the plaintiff. The claim was that the United States was negligent in hiring and retaining the employee because of his violent propensities. The Court said:

> It is true that the claim here is predicated on negligence. However, that negligence would have been without legal significance absent the alleged act of Brosz. Without that, there would have been no actionable negligence. It was the attack which served to attach legal consequences to defendant's alleged negligence. Congress could easily have excepted claims

*for* assault. It did not; it used the broader language excepting claims *arising out of* assault. It is plain that the claim arose only because of the assault and battery. This being so, the United States has not waived its immunity as respects this claim.

259 F.Supp. at 364.

As the courts in *Naisbitt* and the plaintiffs in their briefs point out, there are cases to the contrary. In *Gibson v. United States*, 457 F.2d 1391 (3d Cir. 1972), a Jobs Corps enrollee, (characterized as a federal employee by the Court) who had been known by the government to be mentally and morally dangerously sick, stabbed his instructor. The Court said:

> [T]he duty to control the conduct of the trainees is even stronger since they were allegedly employees of the United States at the time and definitely under its control.

457 F.2d at 1394. And

> First, the attack upon Gibson was a foreseeable consequence of the government's failure to exercise due care *under the circumstances* and, therefore, it *is not such an intervening act as will sever the necessary causal relation between the negligence and the appellant's injuries.*
>
> Here the very risk which constitutes the defendant's negligence is the probability of such action. It is clear that when such action occurs, it should not insulate the defendant's negligence under the causation formula. In other words, it is clearly unsound to afford immunity to a negligent defendant because the intervening force the very anticipation of which made his conduct negligent, has brought about the expected harm. [Harper and Kime, The Duty to Control the Conduct of Another, 43 Yale L.J. 886, 898 (1934).]

457 F.2d at 1395 (emphasis in original). *Accord, Bryson v. United States*, 463 F.Supp. 908 (E.D.Pa.1978).

*Rogers v. United States*, 397 F.2d 12 (4th Cir. 1968), is also a case holding that § 2680(h) was inapplicable in the circumstances. There, the plaintiff claimed he had been negligently released by a United States marshal to a known sadist, who subsequently tortured him. The Fourth Circuit said:

> We think 28 U.S.C.A. § 2680(h) is inapplicable. If there is a valid claim here, it is founded on negligence even though assault or false imprisonment may be collaterally involved. *See Panella v. U. S.*, 216 F.2d 622 (2d Cir. 1954).

397 F.2d at 15. *Rogers* at first seems to be strong support for the plaintiff by the Fourth Circuit, but it has been distinguished by several courts. In *Panella*, cited in the above quotation, an inmate at a federal hospital had assaulted another inmate. The attacked person sued the United States under the Federal Tort Claims Act, claiming that the assault was caused by the negligence of employees of the United States in failing to provide adequate guards and otherwise properly supervise those confined. The Court said:

> It is true that § 2680(h), retaining immunity against claims arising out of assault and battery, can literally be read to apply to assaults committed by persons other than government employees. But we think such a construction out of keeping with the rest of the act. For in the present case the only basis of liability against the government is the negligence of its employees, not their deliberate torts, since the assailant was not a government employee. . . . It is . . . important to distinguish cases in which it was sought to hold the government liable on a negligence theory for assaults committed by *government employees.* (Citations omitted.) In this case, however, a negligence action is not merely an alternative form of remedy to an action for assault but negligence is rather the essence of the plaintiff's claim.
>
> To illustrate: in one case a person is assaulted by a government employee . . . . Since in the absence of § 2680(h) the assault . . . might give rise to an action against the Government without any showing of negligence, it is not difficult to imply that the § 2680(h) exception

was intended to exonerate the government from all liability of this nature, no matter what the form of the action. 216 F.2d at 624. *Rogers*, where the attacker was also not employed by the government, cited *Panella*, so it is possible to distinguish *Rogers* from the facts at hand, Sullivan being a government employee. *Rogers*, the Fourth Circuit case, expressly relied on *Panella* to find § 2680(h) inapplicable to assaults by non-employees of the government; the citation also suggests Fourth Circuit support for the distinction made much of in *Panella*, that the government cannot be liable in negligence for assaults by its employees.

■ The alleged negligence of the government employee in retaining Sullivan was not the proximate cause of the assault. The proximate cause of the assault is the wilful and intentional act of Sullivan. Plaintiffs assert their claims against Sullivan and the United States jointly. The complaint alleges the assault was made by Sullivan, acting in his capacity as an employee of the United States. The basis of the negligence is that of Sullivan, not of the postmaster in retaining Sullivan in the service. True, the third count does allege that the United States had knowledge of indecent conduct on the part of Sullivan in 1974, but kept him in its employ, and refused a request of others to transfer Sullivan to another position; that the negligent keeping of him in his employment and the failure to transfer was the proximate cause of the assault. But there would have been no assault except for the separate and independent acts of Sullivan. Without his independent assault, there would be no cause of action. It is to this action the statute does not waive immunity.

The complaint failing to allege a cause of action against the United States, its motion to dismiss it is GRANTED.