**Harry C. RUCKER, Jr., Administrator of the Estate of Barbara Sales Rucker, Plaintiff,**

**v.**

**AVCO CORPORATION, the United States of America, and John Doe and Jane Doe, Defendants.**

Civ. A. No. 85–0145(L).

United States District Court, W.D. Virginia.

Jan. 28, 1986.

## BACKGROUND

The complaint alleges that on October 26, 1983, the Avco Corporation operated the Old Dominion Job Corps Center in Amherst County, Virginia under a contract with the United States Department of Labor. Avco employed Barbara Rucker as a records supervisor at the Center. During her lunch hour on that October day, Rucker was attacked by Christopher Hill, a corpsmember who was a resident of the Center. The wounds Rucker received in this attack were the direct cause of her death two days later.

## THE PRESENT CLAIM

Harry Rucker, as administrator of his wife's estate, filed this wrongful death action against Avco, the United States and John and Jane Doe after an administrative claim for $600,000 in damages was denied by the United States Department of Labor ("DOL"). While Hill is considered a federal employee for FTCA purposes by virtue of his membership in the Job Corps, *see* 29 U.S.C. § 1706(a)(3), Rucker has not stated his cause of action against the United States on the basis of Hill's activities. Undoubtedly, Rucker is conscious that the United States has not waived its sovereign immunity for the intentional torts of its employees. *See* 28 U.S.C. § 2680(h).

Instead, Rucker alleges that DOL employees ultimately responsible for selecting Job Corps applicants were negligent in admitting Hill into the Job Corps program, and that their negligence was the proximate cause of Barbara Rucker's death. Rucker contends that Hill's prior criminal record and history of emotional disturbance made him ineligible for the Job Corps program. Specifically, Rucker alleges that, DOL employees failed to exercise adequate oversight over the Virginia Employment Commission screening process concerning Christopher Hill, failed to monitor and review the Christopher Hill screening recommendation, and failed to exercise indepen-

John E. Falcone, Mosby & Falcone, Lynchburg, Va., for plaintiff.

Charles F. Midkiff, James W. Tredway, III, Christian, Barton, Epps, Brent & Chappell, Richmond, Va., E. Montgomery Tucker, Paul F. Figley, Asst. Dir., Torts Branch, Civil Div., Mark Rachlin, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

Plaintiff Harry C. Rucker, Jr. filed this wrongful death action under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), against Avco Corporation, the United States of America and John Doe and Jane Doe on August 28, 1985. The United States has moved to dismiss the complaint on the grounds that this court lacks jurisdiction over the subject matter of the action and the complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, defendant's motion is granted.

dent judgment in the Christopher Hill case.[1]

In addition to premising his claim on negligent admission of Hill into the Job Corps program, Rucker contends that DOL was negligent regarding security problems called to its attention by Avco employees prior to Hill's attack of Barbara Rucker. Rucker alleges that while DOL was notified of security problems prior to Hill's attack, DOL failed to adequately investigate such allegations, issued a distorted report based upon its investigations, and failed to take steps to remedy the security problems. Rucker asserts that this negligence was also a proximate cause of his wife's tragic death.

## ANALYSIS

■ While Rucker's complaint sounds in negligence in an attempt to bring itself within the confines of the FTCA, the United States asserts that the suit in reality seeks damages for the intentional tort of one of its employees. The United States urges the court to look beyond the artful pleading and dismiss the complaint on the grounds that the suit is barred by the intentional tort exception to the FTCA, 28 U.S.C. § 2680(h).

As support for its contention that the present action is barred by the intentional tort exception, the United States points to recent Fourth Circuit case law. In *Hughes v. United States*, 662 F.2d 219 (4th Cir. 1981), a postman was arrested and charged under state law with taking indecent liberties during the interim between his two daily postal delivery routes. He pleaded guilty to a lesser charge. Within a week, the father of the abused child asked one of the postman's superiors to put him in a job away from children, one not involving postal delivery. The request was refused. Later the postman took indecent liberties with additional children.

These children then filed suit under the FTCA, arguing that their claim was for negligent retention by the Post Office of a dangerous employee in the position of mail carrier. The government responded that the suit was really one for the intentional tort of assault and battery. Adopting the opinion of the district court, the Fourth Circuit dismissed the case on the grounds that suit was barred by the intentional tort exception of 28 U.S.C. § 2680(h). *See Hughes*, 662 F.2d at 220, affirming *Hughes v. Sullivan*, 514 F.Supp. 667 (E.D.Va.1980).

Rucker argues, however, that *Hughes* does not require dismissal of the instant action. Pointing to *Rogers v. United States*, 397 F.2d 12 (4th Cir.1968), Rucker claims that the Fourth Circuit's interpretation of § 2680(h) is muddled and does not bar his suit. In *Rogers*, the plaintiff was a boy who had been tortured by a non-government employee after being released into his custody by a U.S. Marshal. The plaintiff alleged that the Marshal was negligent in turning him over to a known sadist. The Fourth Circuit, citing *Panella v. United States*, 216 F.2d 622 (2d Cir.1954), ruled that the FTCA claim was founded on negligence and could go forward regardless of § 2680(h). *Rogers*, 397 F.2d at 15.

This court does not believe that *Rogers* is inconsistent with *Hughes*, or that the Fourth Circuit interpretation of § 2680(h) is unclear. The district court opinion in *Hughes*, expressly adopted by the Fourth Circuit, *see* 662 F.2d at 220, carefully analyzed the *Rogers* decision and determined that the reason Rogers' suit was permitted to go forward was because the intentional tort in that case was perpetrated by a non-government employee rather than a government employee. In *Hughes*, in contrast, the government's alleged negligence led to an intentional tort by a government employee. *See Hughes*, 514 F.Supp. at 669–70. This court interprets *Hughes* to mean § 2680(h) bars FTCA suits where the alleged negligence of a government em-

---

1. The procedures and criteria for selecting applicants for admission to the Job Corps are governed by 29 U.S.C. §§ 1693–1695 and 20 C.F.R. § 684.30–31. Basically, initial screening of applicants is performed by local screening agencies, and final decisions are made by DOL.

ployee leads to commission of an intentional tort by a government employee.

Given the mandate of the Fourth Circuit in *Hughes*, this court is bound to conclude Rucker's suit is barred by § 2680(h). *See also United States v. Shearer*, — U.S. —, 105 S.Ct. 3039, 3042–43, 87 L.Ed.2d 38 (1985) (opinion of Burger, C.J.) (§ 2680(h) bars claims not merely *for* assault and battery, but claims *arising out of* assault and battery). In a final effort to avoid dismissal, however, Rucker argues that it is inappropriate to consider Hill a government employee in this case. In spite of 29 U.S.C. § 1706(a)(3), which explicitly states that for purposes of the FTCA, Job Corps enrollees shall be considered government employees, Rucker contends that it would be "hypertechnical," "contrary to the [proper] spirit of statutory construction," unrealistic and inequitable to hold that Hill is a government employee in the suit. Rucker offers no support for his argument other than that he disagrees with the choice Congress made enacting § 1706(a)(3). In the absence of support for ignoring an express command of the Congress, this court is unwilling to take such a bold step. Congress has decreed that Hill should be considered a government employee in this suit, and this court so holds.

## CONCLUSION

For the reasons stated above, the government's motion to dismiss shall be granted.