Lesa A. LORITTS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 78–0387–F.

United States District Court,
D. Massachusetts.

June 6, 1980.

David Burres, Amherst, Mass., for plaintiff.

John D. Hanify, Boston, Mass., for defendant.

## MEMORANDUM

FREEDMAN, District Judge.

This matter is before the Court on defendant's motion, pursuant to Rule 12(b)(1), F.R.Civ.P., to dismiss the complaint for lack of subject matter jurisdiction. After having considered the pleadings in light of the memoranda submitted by counsel, I have decided that the motion should be denied.

On March 6, 1976 at approximately 11:30 p. m., Lesa Loritts, while walking unescorted through the West Point campus en route to assigned sleeping quarters, was assaulted and raped by an academy cadet. Ms. Loritts had been invited to West Point as a member of the Smith College choral group.

On February 13, 1978, Ms. Loritts filed a complaint[1] pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq. ("FTCA"). The complaint sounds in negligence. The gravamen of the claim is that the defendant was negligent in failing to provide escorts to ensure plaintiff's safety while on campus; in failing to provide sufficient campus security to prevent or to intervene during the occurrence of an assault or rape; in generally failing to provide a reasonably safe premises; and finally, in allowing the cadet who assaulted and raped her admission to and continued attendance at West Point despite his demonstrated strange and suspicious behavior.

In its motion to dismiss, defendant contends that because any claim based on facts alleged in the complaint necessarily falls within the ambit of the exceptions to the FTCA set forth in 28 U.S.C. § 2680(h),[2] this Court lacks subject matter jurisdiction. This argument is not persuasive.

■ It is clear that federal courts are without jurisdiction to entertain a suit against the United States based on an assault and battery by a government employee. *See Lambertson v. United States*, 528 F.2d 441 (2nd Cir. 1976), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976); *Gaudet v. United States*, 517 F.2d 1034 (5th Cir. 1975); *Cotter v. United States*, 279 F.Supp. 847 (S.D.N.Y.1968). It is also clear that in determining the applicability of section 2680(h), the statutory exceptions to the FTCA, the Court must look to the substance of the claims asserted by plaintiff rather than the theory upon which she elects to bring the action. *Diaz Castro v. United States*, 451 F.Supp. 959, 963 (D.P. R.1978); *see also, Gaudet v. United States*, *supra*.

■ In the case at bar plaintiff, an invitee on the West Point campus, was indeed assaulted and raped by a government employee. However, it is the government's negligence and not its employee's assault that is the substance of the claim asserted in this complaint. West Point voluntarily undertook the task of providing escorts to the choral group of which plaintiff was a member. Having assumed that responsibility, the Academy is held to performance with due care. *See Indian Towing Co. v. United States*, 350 U.S. 61, 69, 76 S.Ct. 122, 126, 100 L.Ed. 48 (1955); *Rogers v. United States*, 397 F.2d 12, 14 (4th Cir. 1968). Defendant admits that the attack occurred late at night when plaintiff was walking without an escort. This is not therefore, the situation where a plaintiff by virtue of artful pleading seeks to circumvent section 2680(h). Plaintiff's assertion that defendant's breach of its duty was the proximate

---

1. On some date prior to January 28, 1977, plaintiff presented her claim in writing to the United States Department of the Army for damages suffered as a result of defendant's negligence in the amount of $100,000. The claim was denied by the Chief, General Claims Division, United States Army Claims Service, Office of the Judge Advocate General, Department of the Army, by a letter dated December 12, 1977. Therefore, plaintiff has complied

with the prerequisites for bringing suit under the Federal Tort Claims Act set forth in 28 U.S.C. § 2675.

2. 28 U.S.C. § 2680 provides in pertinent part:
   The provisions of this chapter and section 1346(b) of this title shall not apply to—
   (h) Any claim arising out of assault, battery
   . . . . .

cause of the injuries she sustained clearly states a valid negligence claim.[3]

I find that the attack that occurred here was not an intervening cause but rather, was a foreseeable result of defendant's breach. "The tort did not arise out of the assault and battery. It had its roots in the Government's negligence." *Gibson v. United States*, 457 F.2d 1391, 1395 (3rd Cir. 1972).

In conclusion then, I have carefully considered the government's contention that this Court lacks subject matter jurisdiction to entertain this claim because it falls with the "assault and battery exception" to the FTCA. I do not agree that 28 U.S.C. § 2680(h) is applicable. "If there is a valid claim here, it is founded on negligence even though assault [and battery] . . . may be collaterally involved." *Rogers v. United States, supra* 397 F.2d at 15, *citing Panella v. United States*, 216 F.2d 622 (2nd Cir. 1964). Accordingly, defendant's motion to dismiss should be denied.

An appropriate order shall enter.

---

**3.** There is no question that had plaintiff been attacked by a civilian or had she fallen into an unmarked excavation a negligence action would lie. The Court does not agree that the government can escape liability under section 2680 because of the fortuitous nature of the circumstances following its negligence.