**Lovett HARRIS, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 91–1929 (RLA).**

United States District Court, D. Puerto Rico.

Aug. 24, 1992.

**92**

Carlos J. Morales–Bauzá, Rosello–Rentas & Rabell, San Juan, P.R., for plaintiffs.

Fidel A. Sevillano-del-Rio, U.S. Atty.'s Office, Civil Div., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

ACOSTA, District Judge.

Before the Court is the defendant's motion to dismiss pursuant to one of the exceptions to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(h), which bars suits against the United States based on assault and battery committed by a Government employee, and the plaintiffs' opposition thereto.

■ Although defendant's petition is entitled Motion to Dismiss, it amply relies on extraneous information regarding the teacher's conduct which only appears in its Initial Scheduling Conference Memorandum filed on December 31, 1991 (docket No. 8). However, we may not take these elements into account for purposes of our decision because they fail to meet the stringent standards regarding evidence acceptable for summary judgment determinations under Rule 56(e) Fed.R.Civ.P. See *United States v. O'Connell*, 890 F.2d 563, 566 (1st Cir.1989) (exhibits and testimony in support of summary judgment must satisfy admis-

sibility inquiry). Accordingly, we may only look at the pleadings submitted in these proceedings to decide this issue.

This suit arises out of the alleged mistreatment of two students by their third grade classroom teacher, Mr. William Pointer, at the Antilles Consolidated School located in the Roosevelt Roads Naval Base in Ceiba, Puerto Rico. The minors' parents, members of the U.S. armed forces at the Roosevelt Naval Station, claim that their sons suffered severe emotional anguish and distress due to Mr. William Pointer's alleged intimidation, threats, use of profane language, occasional use of force, harassment, and embarrassment in front of the class. The parents also seek relief for their own damages.

In pertinent part, the complaint filed in these proceedings alleges as follows:

12. The acts complained of herein were caused by the negligent acts and/or omissions of Mr. William Pointer and/or the negligent acts and/or omissions of the Antilles Consolidated School which knew or should have known that Mr. Pointer was unfit to give classes and kept him employed even after the children's parents complained to the pertinent authorities that the kids were being mistreated and abused and that something was amiss in said classroom.

## ARGUMENTS

Defendant argues that the action should be dismissed because 28 U.S.C. § 2680(h) precludes not only the intentional torts committed by the teacher but also any claims against the school administration based on supervisory liability which arise out of the assault and battery. Defendant also avers that the suit should be dismissed because plaintiffs have presented arguments in support of their action which were never raised in the administrative claim submitted to the agency for consideration. Specifically, the defendant contends that

the original demand merely concerned a general assertion of school negligence, a violation of a supervisory duty by employing unfit teachers, whereas the plaintiffs now assert the school breached an independent duty to protect the children.

## APPLICABLE LAW

### (1) Administrative Claim

▮ Although a filing of an administrative claim pursuant to 28 U.S.C. § 2675(a) [1] is a jurisdictional prerequisite to judicial action, its purpose is essentially to give notice to the Government to conduct a meaningful investigation to adequately defend itself. It is not bound by the standards applicable to court proceedings.

[A]n administrative claim need not meet formal pleading requirements. All that is necessary is that a claim be specific enough to serve the purposes intended by Congress in enacting § 2675(a)— "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States."

*Johnson by Johnson v. United States,* 788 F.2d 845, 848–49 (2nd Cir.1986) (quoting S.Rep. No. 1327, 89th Congress, 2d Sess. 2 (1966), reprinted in 1966 U.S.Code Cong. & Ad.News 2515, 2516). All that is required is notice of the incident and a demand for a sum certain, *Avery v. United States,* 680 F.2d 608 (9th Cir.1982). The legal basis for relief need not be specified, *Broudy v. United States,* 722 F.2d 566, 568–69 (9th Cir.1983) and alternate theories of liability can be presented at judicial proceedings. *Johnson,* 788 F.2d at 849. Compare *Bembenista v. United States,* 866 F.2d 493 (D.C.Cir.1989) (court precluded addition of a medical malpractice claim because administrative notice was limited to a sexual assault claim and each arose from different operative facts).

1. 28 U.S.C. § 2675(a) provides in relevant part: (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency....

■ Even assuming, arguendo, that only a supervisory liability argument was presented to the agency for consideration in the case before us,[2] it is plausible to infer that a claim for the school's own/independent negligence is reasonably related to those assertions and consequently notice was given. Accordingly, defendant's petition for dismissal due to plaintiff's alleged failure to include all claims as required in the preliminary administrative claim is unpersuasive. As such, we will not dismiss the legal contention of an independent breach of duty since both theories are compatible with the underlying conduct at issue.

### (2) Section 2680(h) Exception

In its motion to dismiss, defendant avers that the Court lacks subject matter jurisdiction pursuant to sec. 2680(h). We review.

■ The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., allows suits against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of U.S. Government employees while acting within the scope of their office. However, the United States, as a sovereign, is immune from suit unless it specifically consents to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Inasmuch as the FTCA is a limited waiver of sovereign immunity, it permits suits only on the terms and conditions strictly prescribed by Congress. *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967). The FTCA explicitly excludes liability for claims arising out of assault and/or battery. 28 U.S.C. Section 2680(h).[3]

Applicability of this exclusion is difficult in situations where the negligence asserted is not that of the assailant but that of other employees which would render the Government liable. See Kathleen M. Dorr, Anno-

tation, *Construction and Application of Federal Tort Claims Act Provision Excepting from Coverage Claims Arising out of Assault and Battery (28 USC § 2680(h))*, 88 A.L.R.Fed. 7.

The latest Supreme Court decision addressing the bounds of sec. 2680(h) is *Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988) where plaintiffs sued for injuries caused by rifle shots by an intoxicated Navy serviceman. Previous to the shooting, fellow servicemen, although aware of the assailant's inebriated condition and that he was armed, failed to take any effective steps to calm him or report the incident to the pertinent authorities. The Court, citing *Panella v. United States*, 216 F.2d 622 (2nd Cir.1954), reasoned that in certain instances of assault and battery two distinct torts may ensue: (1) the intentional tort and (2) negligence in a breach of a separate legal duty which allowed the assault and battery to take place. *Sheridan*, 487 U.S. at 397, 108 S.Ct. at 2453. Accordingly, in applying the statutory exception, our focus cannot be limited to the acts of the assailant; the circumstances under which the assault is allowed to take place are also crucial. In *Sheridan*, the Court declined to dismiss the complaint since it found that plaintiffs had adequately pleaded "negligence of other Government employees who allowed a foreseeable assault and battery to occur ... entirely independent of [the serviceman's] employment status." *Id.* at 401, 108 S.Ct. at 2455. It held that liability was correctly premised on voluntary Government actions from which distinct duties could be said to emanate. These separate duties were (1) a regulation which banned firearms on the base and required personnel to report such violations and (2) servicemen voluntarily providing care to a drunken person who was also armed. If proven that violation of any of these two duties proximately caused

---

2. The claim submitted to the agency, in pertinent part, alleged as follows.

> Mr. William Pointer, a school teacher hired by Antilles was unfit to work as a professor; and Antilles knew or should have known of said fact and failed to act even after being notified by their parents ...

3. 28 U.S.C. 2680(h) provides in relevant part that the FTCA will not apply to:

> (h) Any claim arising out of assault, battery. ...

the injuries independently from the assault and battery, plaintiffs would prevail at trial. Consequently, immunity pursuant to sec. 2680(h) was held inapposite.

 Accordingly, when examining the applicability of this exception, close attention must be paid to the specific conduct at issue to determine whether the liability arises from deficient supervisory practices or from a duty which is separate and apart from the employment relationship.[4] It is clear that actions premised on negligence in the hiring and supervision of an employee with violent tendencies or similar background are barred because they are inextricably related to the assault and battery. Thus, to avoid the statutory immunity, victims of assault and battery in the hands of Government employees must establish that the Government owed them some independent duty, that such duty was breached and that such breach was the proximate cause of their injuries.

 The remaining question concerns the existence of an independent school-pupil duty which may offer a separate basis of liability in this case. We find there is adequate support for such an exception. This duty has been described as follows.

> [T]he United States, by operating the Center, undertook a duty to protect the children in its care such that it could be held liable if, for example, a Center employee negligently permitted a child to run into the street and the child was hit by a car. Liability should attach regardless of whether the Government's negligence happens to result in sexual molestation by a Government employee or in some other harm.

*Doe v. Scott,* 652 F.Supp. 549, 552 (S.D.N.Y.1987). In that case, infants who were left in the care of the West Point Child Development Center were allegedly sexually and physically molested by Center employees and strangers due to the negligent operation of the Center. The case was allowed to proceed against the Government for failing in their duty to protect and safeguard the infants while they were under the Center's care and control. In the separate but similar case of *Doe v. United States,* 838 F.2d 220 (7th Cir.1988), children in the care of the Scott Air Force Base Day Care Center were allegedly sexually molested by unknown parties. The Court stated that the "breach of duty was the Government's alleged failure to supervise the children in its care." *Id.* at 224. In both cases, the duty was independent of the assailant's employment status and existed prior to the commission of the tort. Additionally, as in the case before us, both cases involved a plaintiff who had been placed in the *care* or *custody* of the Government and suffered harm as a result of the negligent performance of a duty of protective care that the plaintiff was entitled to rely upon.

Finally, in the case of *Loritts v. United States,* 489 F.Supp. 1030 (D.Mass.1980), the court found 2680(h) inapplicable where West Point Academy, which had voluntarily undertaken a duty to furnish escorts for visiting choral group members, failed to provide one to plaintiff who was assaulted and raped by an academy cadet.

The situation before us involves injuries to persons while in the custody and control of Government personnel who are entitled to be safe from foreseeable harm. Since the Antilles Consolidated School owes its students a duty to protect them from harm, the complaint is not barred by 2680(h) as a matter of law.

## CONCLUSION

Accordingly, the Motion to Dismiss filed by defendant on January 3, 1992 (docket No. 9) is hereby DENIED. It is important to stress that we are not making a determi-

---

4. Compare with situations where the Government is liable for actions of a non-employees precisely because an independent duty exists. See *United States v. Muñiz,* 374 U.S. 150, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963) (prison allowing twelve prisoners to severely beat another inmate); *Jablonski v. United States,* 712 F.2d 391 (9th Cir.1983) (hospital negligence based on the release of mentally ill patient who later killed the plaintiff's mother); *Panella v. United States,* 216 F.2d 622 (2nd Cir.1954) (prisoner assaulted by another inmate as a result of negligent custody by prison).

nation of the merits of the case, that is, a finding of foreseeability, lack of diligence and proximate cause. Our decision is only to the effect that an since an independent duty of the school towards the children within their care exists and plaintiffs have alleged an injury flowing therefrom, we have subject matter jurisdiction to determine the question of Government liability, if any.

IT IS SO ORDERED.