ORDER AND MEMORANDUM OF DECISION
 

 BRODY, District Judge.
 

 Plaintiff brings this action under the Federal Tort Claims Act (hereinafter “FTCA”), 28 U.S.C. §§ 1346(b), 2671-2680 (1994), alleging that, due to the Government’s negligence, several youths associated with the Job Corps of Bangor, Maine assaulted a person at Plaintiffs place of business.
 

 The Government filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure alleging lack of subject matter jurisdiction and lack of Article III standing. U.S. Const, art. Ill, § 2. Without reaching the standing issue, the Court rules that jurisdiction does not exist to decide this case because of the lack of subject matter jurisdiction.
 

 I. Background
 

 The Court assumes the truth of the following facts as alleged by Plaintiff.
 
 [1]
 

 [2]
 
 On July 31, 1993, several youths associated with the Job Corps assaulted and injured Justin Maynard, a minor, at Miami North, Inc., which is an arcade and pool hall in Bangor, Maine. Jus
 
 *54
 
 tin Maynard’s father brought suit against Miami North, Ine. claiming negligence in failing to provide adequate security for its customers. Acadia Insurance Company paid an indemnity to Justin Maynard’s father and then brought this subrogation action in the name of Miami North, Inc. against the United States Department of Labor under the FTCA The Complaint alleges that the Penobscot Job Corps, which is part of the United States Department of Labor, failed to provide adequate supervision over the Job Corps youths involved in the attack. Plaintiff claims damages of $5,286.51, which is the amount paid to resolve the Maynard claims.
 

 The Government then filed its Motion to Dismiss for lack of subject matter jurisdiction.
 

 II. Motion to Dismiss
 

 The Court will grant a motion to dismiss in the absence of a genuine issue of material fact, when the moving party is entitled to a judgment as a matter of law. The Court will accept all well-pled facts asserted by Plaintiff as true, and will draw all reasonable inferences therefrom in Plaintiffs favor.
 
 See, e.g., McDonald v. Santa Fe Trail Transp. Co.,
 
 427 U.S. 273, 276, 96 S.Ct. 2574, 2576, 49 L.Ed.2d 493 (1976);
 
 The Dartmouth Review v. Dartmouth College,
 
 889 F.2d 13, 16 (1st Cir.1989);
 
 Williams v. City of Boston,
 
 784 F.2d 430, 433 (1st Cir.1986). Only if the complaint in question presents no set of facts justifying recovery will the Court grant a motion to dismiss.
 
 See, e.g., The Dartmouth Review,
 
 889 F.2d at 16 (citing
 
 Conley v. Gibson,
 
 355 U.S. 41, 45-48, 78 S.Ct. 99, 101-03, 2 L.Ed.2d 80 (1957)). The Court will, therefore, assume all facts in the light most favorable to Miami North, Inc.
 

 III. Subject Matter Jurisdiction
 

 The United States is immune from suit unless it specifically consents to be sued.
 
 E.g., Hercules Incorporated v. United States,
 
 — U.S.-,-, 116 S.Ct. 981, 985, 134 L.Ed.2d 47 (1996) (citing
 
 United States v. Testan,
 
 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976)). The FTCA contains a broad waiver of immunity of the United States from suit in tort.
 

 [T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 

 28 U.S.C. § 1346(b). Athough this waiver of immunity is broad, it is not without limitation. Section 2680 sets forth several statutory exceptions to the FTCA waiver. 28 U.S.C. § 2680. One of these exceptions states that the FTCA shall not apply to “[a]ny claim arising out of assault, [or] battery. 28 U.S.C. § 2680(h). In its Motion to Dismiss, the Government contends that the Court lacks subject matter jurisdiction over this case because it falls within this exception to the waiver of immunity.
 

 In tort actions, there must be a clear relinquishment of sovereign immunity in order for the district court to have jurisdiction.
 
 Dalehite v. United States,
 
 346 U.S. 15, 31, 73 S.Ct. 956, 965, 97 L.Ed. 1427 (1953). If Miami North, Inc.’s claim falls under § 2680(h), the Court does not have subject matter jurisdiction. Therefore, the question before the Court is whether this claim arises out of an assault and battery or, alternatively, whether it arises from negligent supervision by Job Corps personnel while acting within the scope of their duties. If it is the former, subject matter jurisdiction is lacking and the case must be dismissed.
 

 In
 
 United States v. Shearer,
 
 473 U.S. 52, 105 S.Ct. 3039, 87 L.Ed.2d 38 (1985), an off duty U.S. Army Private was kidnaped and murdered by another serviceman. The killer had previously been convicted and imprisoned for manslaughter. Upon the serviceman’s release on the manslaughter charge, no action was taken by the Army despite knowledge by high ranking officers of the serviceman’s violent disposition. The serviceman then killed the Private, and the Private’s estate sued the Government claiming that negligent supervision of the serviceman by the Army was the proximate cause of the
 
 *55
 
 Private’s death. Chief Justice Berger, writing for a four Justice plurality explained that the Private’s death arose out of an assault, and:
 

 Respondent cannot avoid the reach of § 2680(h) by framing her complaint in terms of negligent failure to prevent the assault and battery. Section 2680(h) does not merely bar claims
 
 for
 
 assault or bat-' tery; in sweeping language it excludes any claim
 
 arising out of
 
 assault or battery. We read this provision to cover claims like respondent’s that sound in negligence but stem from a battery committed by a government employee. Thus “the express words of the statute” bar respondent’s claim against the government.
 

 United States v. Shearer,
 
 473 U.S. at 55, 105 S.Ct. at 3041 (citing
 
 United States v. Spelar,
 
 338 U.S. 217, 219, 70 S.Ct. 10, 11, 94 L.Ed. 3 (1949)).
 
 [2]
 

 Shearer
 
 would seem to indicate that any ease arising out of assault or battery by a Government employee is barred from the courts by § 2680(h) no matter how negligent the Government was in its supervision of the employee or how derelict it was in its duty to others.
 

 In
 
 Sheridan v. United States,
 
 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988), the Court allowed an FTCA claim which alleged that the Government was negligent in failing to prevent an off duty serviceman from shooting a third person. In
 
 Sheridan,
 
 the serviceman, Carr, was found extremely drunk by a Navy eorpsman. Carr threatened the eorpsman with a rifle at which point the eorpsman prudently fled but took no further action to subdue or report Carr. Shortly thereafter, Carr fired his gun into plaintiff’s car, injuring plaintiff and causing property damage. The Court held that plaintiffs complaint was not barred by § 2680(h). The Court stated that:
 

 [tjhe tortious conduct of an off-duty serviceman, not acting within the scope of his office or employment, does not in itself give rise to government liability whether that conduct is intentional or merely negligent.
 

 As alleged in this case, however, the negligence of other Government employees who allowed a foreseeable assault or battery to occur may furnish a basis for Government liability that is entirely independent of Carr’s employment status.
 

 Sheridan v. United States,
 
 487 U.S. at 401, 108 S.Ct. at 2455. Although
 
 Sheridan
 
 modified the rather clear language of
 
 Shearer,
 
 the Court did not overrule
 
 Shearer.
 
 In fact, the majority opinion in
 
 Sheridan,
 
 never mentions the
 
 Shearer
 
 decision.
 

 Many courts have noted, as the Court did in
 
 Shearer,
 
 that the language of § 2680(h) is broad enough to exclude any claim against the Government in which assault or battery plays a part.
 
 See, e.g., Garcia v. United States,
 
 776 F.2d 116, 118 (5th Cir.1985);
 
 Thigpen v. United States,
 
 800 F.2d 393, 395 (4th Cir.1986). These cases were, however, decided prior to 1988 when the Supreme Court decided
 
 Sheridan.
 
 After
 
 Sheridan^
 
 courts began to read § 2680(h) more narrowly, often refusing to bar claims where negligent supervision, hiring, or failure to protect permitted a Government employee to commit an assault.
 
 See, e.g., Bembenista v. United States,
 
 866 F.2d 493, 497-498 (D.C.Cir.1989). The
 
 post-Sheridan
 
 cases, which permitted claims against the Government, tend to involve situations where there is some duty owed to the victim. In
 
 Mulloy v. United States,
 
 884 F.Supp. 622 (D.Mass.1995), for example, an Army Private, Dwan Gates, kidnaped, raped, robbed, and murdered one Carol Cuttle. Ms. Cuttle lived on an Army base with her husband, who was an Army Captain.
 
 Id.
 
 at 624-625. It was discovered by the Army’s Inspector General, after Ms. Cuttle’s murder, that Private Gates had an extensive criminal record including a prior conviction for rape.
 
 Id.
 
 The Inspector General also determined that the Army personnel involved in Private Gate’s enlistment failed to properly investigate his criminal background.
 
 Id.
 
 The court determined that, because of her residence on the Army base and other connections with the military, Ms. Cuttle had a special relationship with the
 
 *56
 
 United States Army which created a special duty to protect her against foreseeable third party crimes.
 
 Id.
 
 at 632. The court concluded that the Army’s negligent enlistment of Private Gates “created a substantial likelihood that he would be placed on a residential military base ... thus placing persons such as Ms. Cuttle in unreasonable danger of their lives.”
 
 Id.
 
 The court, therefore, determined that the case arose out of the Army’s negligence rather than the assault and battery, hence, § 2680(h) did not preclude the suit and jurisdiction existed.
 
 Id.
 
 at 631-632.
 

 Other courts have reconciled the Supreme Court’s decisions in
 
 Shearer
 
 and
 
 Sheridan
 
 in the same way, requiring some duty owed by the Government to the victim.
 
 Bembenista v. United States,
 
 866 F.2d 493, 497-498 (D.C.Cir.1989) (A FTCA claim was allowed against the Government by a patient at Walter Reed Army Hospital who while blind and semieomatose was sexually assaulted by a hospital employee. The court noted that the hospital had a special duty to protect the patient while she was in its care.);
 
 Harris v. United States,
 
 797 F.Supp. 91, 94-95 (D.P.R. 1992) (A FTCA claim against the Government was upheld where the Government breached its duty to protect school children from a teacher who molested them at a naval base school.). There are some cases decided prior to
 
 Sheridan
 
 which allow FTCA claims in situations where the court determines that the Government owed a special duty to the victim.
 
 See, e.g., Bennett v. United States,
 
 803 F.2d 1502 (9th Cir.1986) (A FTCA claim was upheld against the Government for negligently hiring a teacher who sexually assaulted children at a government run school. When he was hired, the teacher had a warrant outstanding against him for child molestation.).
 

 A synthesis of
 
 Sheridan
 
 and
 
 Shearer
 
 dictates that liability does not attach to the Government simply because a Government employee assaults a third party. This is an assault, and jurisdiction over such a claim does not exist under the FTCA. Jurisdiction, therefore, does not exist under a theory of
 
 respondeat superior.
 
 In other words,
 
 Shearer
 
 dictates that the Government does not owe a duty to the world to prevent employees from committing foreseeable illegal or violent acts whether they are on or off the job. However,
 
 Sheridan
 
 determined that liability may attach, and hence, jurisdiction may exist, where the Government owes an independent duty to the victim. If such a duty exists, and the Government acts, or fails to act, in a way that the victim is placed in foreseeable danger, § 2680(h) does not bar the claim and the district court has jurisdiction.
 

 It is, however, not enough for a plaintiff to simply claim negligence rather than assault and battery in the complaint. If this were true, § 2680(h) would become simply a rule of pleading and, therefore, a meaningless provision. Thus, in cases such as this, the Court must look beyond the formality of the pleadings to determine the true nature of the cause of action.
 

 The ease before the Court arises out of an assault and battery. If these facts do not fall within § 2680(h), then none do. The Job Corps youths committed the alleged assault and battery at a local arcade. They were not engaged in any activities associated with the Job Corps when the fight occurred. As noted above, the Government does not owe a general duty to the world, and Plaintiff alleges no specific duty which the Job Corps owes to either Justin Maynard or Miami North, Inc. There is no evidence that the Job Corps youths were known to be dangerous or that the Government owed any special duty to anyone involved in the incident. There was simply a fight, an assault and battery.
 

 Because this case arises out of an assault and battery, it falls within the exception to the general waiver of immunity of the FTCA.
 
 See
 
 28 U.S.C. § 2680(h). Therefore, this Court does not have subject matter jurisdiction to hear the claim. Defendant’s Rule 12(b)(1) motion is granted and the case is dismissed.
 

 The Court’s determination regarding jurisdiction makes it unnecessary to address the standing issue raised by the Government.
 

 SO ORDERED.
 

 [1]
 

 . The issue before the Court is raised in a Motion to Dismiss, therefore, the facts in the Plaintiffs Complaint are assumed to be true. In this case, however, all parties are agreed on the relevant facts surrounding the incident at issue, and only a question of law remains in controversy.
 

 [2]
 

 . The portion of Justice Berger's decision in
 
 Shearer
 
 dealing with the § 2680(h) exception to immunity waiver was joined by Justices White, Rehnquist, and O’Connor. Justice Powell took no part in the decision.