Sara Elizabeth LILLY, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. CIV. A. 2:00–1006.

United States District Court,
S.D. West Virginia,
Charleston Division.

May 11, 2001.

Robert A. Taylor, Masters and Taylor, L.C., Charleston, for Plaintiff Sarah Elizabeth Lilly.

Stephen M. Horn, Kelly R. Curry, United States Attorney's Office, Charleston, for Defendant United States of America.

## OPINION AND ORDER

GOODWIN, District Judge.

Pending before the court is the Motion to Dismiss for lack of Subject Matter Jurisdiction or, in the Alternative, Failure to State a Claim, filed by the United States of America (United States). For the reasons discussed below, the motion is **GRANTED.**

## STATEMENT OF FACTS

Because the court now decides a motion to dismiss filed by the United States, it accepts as true the facts as alleged by the plaintiff. In 1997, the plaintiff, a seventeen year-old girl who had dropped out of high school, contacted the Army recruiting office in Charleston, West Virginia. She spoke with Sergeant Mark Clifford (Clifford), an Army recruiter. Clifford contacted the plaintiff at least twice and arranged for her to take the G.E.D. exam, an exam she was required to pass to enlist in the Army. Clifford also offered to take the plaintiff to the test location.

On December 30, 1997, the plaintiff's mother took her to the St. Albans Library to meet Clifford, so that he could take the plaintiff to the exam center. When the plaintiff and Clifford reached the exam center, it was closed. The two then went to lunch, saw a movie, and, at Clifford's suggestion, went to a bar, where Clifford purchased several alcoholic drinks for the plaintiff. The plaintiff became so intoxicated that she vomited on herself and passed out on the bar. Clifford and some other individuals carried the plaintiff from the establishment and placed her in Clifford's car. While the plaintiff was unconscious, Clifford took her to a motel, where he took a shower with her and had sexual relations with her.

In the complaint, the plaintiff alleges that:

the USA, in allowing Sergeant Mark Clifford to do those things as may be necessary to encourage potential Army recruits to join the United States Army, including encouraging underage persons to join, assumed the responsibility for the welfare and safety of underage potential army recruits, including plaintiff, when it allowed Sergeant Mark Clifford to assist plaintiff, pick her up and take her to take the GED test, all of which actions were in furtherance of plaintiff's desire to join the United States Army and in furtherance of the United States Army and USA attempts and plans to encourage persons to join the United States Army.

Comp., at ¶ 13. The plaintiff further argued that, "in assuming the responsibility for the welfare and safety of underage potential Army recruits," the United States had a duty to screen and monitor recruiters; to determine whether recruiters were engaging in potentially dangerous conduct with recruits; and to have guidelines in effect which governed "what recruiters could do in regard to dealing with potential Army recruits, including underage recruits, [and] underage female recruits" and which otherwise placed clear restrictions, limitations and guidelines on what a recruiter could and could not do to aid and encourage a potential recruit to join the Army. *Id.* at ¶ 14. The plaintiff seeks $1,000,000 in damages for a variety of injuries, including medical care and counseling, emotional distress, and loss of enjoyment of life.

## STANDARD

A court deciding a motion to dismiss accepts as true the factual allegations pre-

sented in the complaint. *Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir.1997). Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief, the court will not grant a motion to dismiss. *Id.* Therefore, the plaintiff's allegations are accepted as true.

## DISCUSSION

■ Pursuant to the doctrine of sovereign immunity, the United States cannot be sued unless it has consented to be sued. Congress has waived sovereign immunity, thus granting this consent, for some actions against the United States. The Federal Tort Claims Act (FTCA) provides that the United States can be sued "for money damages ... for personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). However, Congress has not waived such immunity for claims that necessarily arise from assault and battery. 28 U.S.C. § 2680(h).

■ Exceptions to the waiver of sovereign immunity by the United States are construed broadly and any ambiguities are resolved against the party seeking recovery from the United States. *Thigpen v. United States*, 800 F.2d 393, 394 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988) ("Only when Congress has clearly and unequivocally expressed its consent to suits against the United States may courts entertain such actions."). In *Sheridan v. United States*, however, the Supreme Court noted that, "in at least some situations the fact that an injury was directly caused by an assault or battery will not preclude liability against the Government for negligently allowing the assault to occur." *Sheridan*, 487 U.S. at 398, 108 S.Ct. 2449.

■ The United States argues that the plaintiff's injuries arise from an assault and battery committed by Clifford and that the claims are thus barred by 28 U.S.C. § 2680(h). The plaintiff asserts that the claims arise from the government's negligence, not from the assault and battery, and are not barred by § 2680(h). Specifically, the plaintiff asserts claims that the United States 1) negligently hired, trained, and supervised its recruiters, including Sergeant Clifford, and 2) took charge of the plaintiff, creating a special relationship that placed a duty on the United States to protect the plaintiff from harm. The court **FINDS** that the plaintiff's claims against the United States are barred by § 2680(h). Therefore, the motion to dismiss is **GRANTED**.

### 1. Plaintiff's Negligent Hiring, Training, and Supervision Claim

■ The legislative history and the wording of the exclusions in § 2680 make it clear that Congress intended to ensure that the United States would not be held liable for the intentional actions of its employees. The Fourth Circuit's treatment of negligent hiring and supervision claims reflects this reading of § 2680 and its legislative history. Allowing an action to proceed based on the government's negligent hiring or supervision of employees who commit intentional torts would enable plaintiffs to make an end-run around the exclusions embodied in § 2680 and could effectively eclipse the exclusions.

The Fourth Circuit has been clear in its refusal to allow claims to proceed based on a theory that the United States negligently

hired or supervised an employee who committed an intentional tort. In *Thigpen v. United States*, 800 F.2d 393 (4th Cir.1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988), the Fourth Circuit affirmed the dismissal of an FTCA claim brought on behalf of minors who were sexually molested by a naval hospital employee. *Id.* at 398. The court rejected the plaintiff's argument that the hospital was negligent in its supervision of the attacker, finding that the claim was barred by § 2680(h):

> Section 2680 thus bars FTCA claims that allege the negligence of supervisors but depend on the existence of an assault or battery by a government employee. Many assaults can be attributed easily enough to someone's negligence in permitting the attack to take place. To hold such allegations actionable under the FTCA would undermine Congress' clear intent to limit its waiver of immunity in § 2680(h).

*Id.* at 395.

In *Sheridan*, decided after the Fourth Circuit's decision in *Thigpen*, the Supreme Court addressed the § 2680(h) exception, but refused to address the plaintiff's claim that the United States had negligently hired and supervised the employee who committed the intentional tort in that case. *Sheridan v. United States*, 487 U.S. 392, 403 n. 8, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988) ("[I]t is not appropriate in this case to consider whether negligent hiring, negligent supervision, or negligent training may ever provide the basis for liability under the FTCA for a foreseeable assault or battery by a Government employee."). The Fourth Circuit has not reconsidered its reading of § 2680(h) in the time since *Sheridan* was decided. Therefore, this court's treatment of the negligent hiring, training, and

supervision claims is governed by the Fourth Circuit decisions preceding *Sheridan*. To the extent the plaintiff argues that the United States negligently hired, trained, and retained Clifford, her claims are barred by § 2680(h).

## 2. Plaintiff's Claim That the United States Assumed an Affirmative Duty of Care

The plaintiff's claim that the United States assumed and breached an affirmative duty of care toward her presents a more difficult question. In *Sheridan*, the Supreme Court unequivocally found that plaintiffs may proceed against the United States in some cases in which the plaintiff's injuries occur from an assault or battery. Several courts have allowed such cases to proceed when a special relationship existed between the plaintiff and the United States such that the United States had assumed an affirmative duty of care in relation to the plaintiff. In each of those cases, however, the government allegedly had breached its duty to the plaintiff through an act of negligence by a federal employee other than the intentional tortfeasor and such act was independent of the intentional tort. *See, e.g., Sheridan v. United States*, 487 U.S. 392, 108 S.Ct. 2449, 101 L.Ed.2d 352 (1988) (failure of navel corpsmen to report drunken serviceman brandishing gun was negligent); *Bembenista v. United States*, 866 F.2d 493 (D.C.Cir.1989) (army hospital negligently mis-medicated patient, rendering her helpless against sexual molestation by medical technician); *Doe v. United States*, 838 F.2d 220 (7th Cir.1988) (government day care workers negligently left children unsupervised at Air Force base day care center, enabling children to be molested by unknown assailant); *Loritts v. United States*, 489 F.Supp. 1030 (D.Mass.1980) (after volunteering to provide escorts to members of visiting choral group, West Point failed to

provide escort to plaintiff, who was member of group and who was raped while walking unescorted around campus).

■ In her Memorandum in Opposition to Defendant's Motion to Dismiss, the plaintiff claims that the government would be liable if Clifford had taken the plaintiff to the exam location, then had driven her to a remote and dangerous area and left her there, where she was raped or killed. Therefore, the plaintiff argues, it would be anomalous to find that the United States is shielded from liability because Clifford was the assailant. Pl's. Mem. at 12. This court disagrees. The distinction between the two situations is illustrated, in part, by the plaintiff's own argument: She argues that her cause of action against the United States "arose from a duty that existed before the commission of the tort." *Id.* Perhaps the United States owed the plaintiff a duty that existed prior to the intentional tort; however, the only alleged *breach* of that duty occurred when Clifford committed the intentional tort.

Sergeant Clifford met the plaintiff at the library to take her to the exam; Sergeant Clifford took her to lunch, the movies, and the bar; Sergeant Clifford bought her drinks until she passed out; Sergeant Clifford then took the plaintiff to a motel, where he raped her. It is impossible to separate Clifford's intentional acts from any negligent acts of the United States. The United States can only be held liable for the acts of its employees. *See* 28 U.S.C. § 1346(b). Therefore, the plaintiff cannot allege that the United States breached a duty to her unless she can show that a specific United States employee, other than the intentional tortfeasor, negligently breached a duty to her. This case, which involves only one government actor, is distinguishable from *Sheridan*, *Doe*, and the other cases in which plaintiffs have avoided dismissals because of

§ 2680(h). Even if the United States did assume an affirmative duty of care toward the plaintiff, the plaintiff cannot show that the United States breached that duty independent of Sergeant Clifford's intentional acts, and the United States is not liable for the intentional torts of its employees.

## CONCLUSION

The Supreme Court has not resolved the issue of whether § 2680(h) bars claims that the United States negligently hired, trained, and supervised employees who later committed assault and battery. Therefore, this court's decision is constrained by the Fourth Circuit caselaw on the issue. Because the Fourth circuit has found that such claims are barred by § 2680(h), the plaintiff cannot proceed on her claims that the United States negligently hired, trained, and supervised Clifford.

The Supreme Court has found that some claims by plaintiffs who were assaulted by a governmental employee are not barred by § 2680(h). However, each of those cases involved negligence by the government that was independent of the intentional assault or battery. To the extent the United States assumed an affirmative duty of care toward the plaintiff in this case, the only alleged breach of that duty is the intentional conduct of Clifford.

Congress specifically excluded intentional torts from the government's waiver of sovereign immunity. Because the plaintiff does not present claims for government negligence that occurred independent of Clifford's actions, the plaintiffs' claims are barred by § 2680(h). Consequently, the plaintiff has not alleged a claim for which relief can be granted. Accordingly, the defendant's motion to dismiss is **GRANTED**.

The court **DIRECTS** the Clerk to 1) send a copy of this Order to counsel of

record and any unrepresented party and 2) publish this opinion at www.wvsd.uscourts.gov.